307 So.2d 494 (1975)
STERLING DRUG, INC., a Foreign Corporation, Appellant,
v.
Francis E. WRIGHT, Appellee.
No. 74-1205.
District Court of Appeal of Florida, Second District.
January 29, 1975.
*495 Robert F. Nunez, St. Petersburg, for appellant.
William F. Blews, St. Petersburg, for appellee.
SCHEB, Judge.
Appellant seeks review by interlocutory appeal from an order reinstating a default judgment against it.
Appellee-plaintiff sued appellant-defendant and a default judgment was entered on March 12, 1973; however, it was vacated on June 27, 1973. On July 2, 1974, appellee filed a motion entitled "Suggestion of Fraud Upon the Court, Suggestion of Misrepresentation and False Testimony and Motion for Reconsideration." On September 10, 1974, the court set aside its order of June 27, 1973, and reinstated the default judgment; holding, however, that there had been no fraud by either appellant or its attorney and granting the appellant additional time to file an amended motion to set aside the default judgment. A motion for rehearing was denied October 7, 1974, and this appeal followed.
Appellant argues that the trial court was without jurisdiction since appellee's motion of July 2, 1974 was pursuant to RCP 1.540(b) and absent certain stipulated exceptions not applicable here, must have been filed within a one-year time limit.
RCP 1.540(b) by its terms refers to "... a final judgment, decree, order or proceeding ...", whereas the trial court's order of June 27, 1973 in the case sub judice was interlocutory in character.[1] A court always has jurisdiction during the progress of a case to rescind, set aside, or modify orders prior to final judgment. North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Trawick, Fla. Practice & Procedure, § 25-3. The power of a federal court to modify an interlocutory order is not limited by Federal Rule 60(b), the prototype of RCP 1.540(b).[2]
Since RCP 1.540(b) applies only to final and not interlocutory orders, the trial court had jurisdiction to reinstate the default judgment which it had previously set aside. Moreover, the appellant's rights were sufficiently protected since the lower court allowed the appellant 20 days "... to file its amended motion to vacate the default judgment and set aside the *496 final judgment, together with notice of hearing thereon; at such hearing all witnesses should be present."
Accordingly, the order of the lower court is affirmed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] See earlier opinion of this court in Wright v. Sterling Drugs, Inc., Fla.App.2d 1973, 287 So.2d 376.
[2] The Advisory Committee Note to the 1948 amendment of Rule 60(b) said in part: "The addition of the qualifying word `final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." 5 F.R.D. 477, at 479; see also Wright & Miller, Federal Practice and Procedure: Civil § 2852.