362 So.2d 87 (1978)
MISSION EAST COMPANY, a Florida Corporation, Appellant,
v.
Stephanie WYSZATYCKI, Appellee.
No. 77-2505.
District Court of Appeal of Florida, Third District.
August 15, 1978.
Smathers & Thompson and Shepherd D. Johnston, Miami, for appellant.
Aronovitz & Weksler and Anne-Lise Gustafson, Miami, for appellee.
Before NATHAN, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment dated November 1, 1977, entered by the trial court pursuant to appellee's, plaintiff below, motion for a final judgment after a default. We affirm.
Appellee filed a complaint on September 12, 1977, against appellant seeking to recover on a promissory note. Thereafter, on October 11, 1977, appellee filed a motion for default which was granted by the trial court. Subsequently, on October 13, 1977, appellee moved for the entry of a final judgment, based on the default, which was entered by the trial court. On October 18, *88 1977, appellant, after having filed an answer on October 12, 1977, moved to vacate the default. Appellant's motion to vacate was denied by the trial court.
In its order denying appellant's motion to vacate the default, the trial court stated, in pertinent part, as follows:
"THIS CAUSE came on to be heard on the Motion to Vacate Default filed herein by Mission East Co. [appellant herein], and after argument of the Counsel and it appearing to the Court that the defendant has failed to show that it has a meritorious defense, and the Court being otherwise duly advised, it is
"ORDERED AND ADJUDGED that the Motion to Vacate Default of Defendant, Mission East Co., a Florida Corporation, be, and the same is hereby denied."
As stated by this court in Acme Fast Freight, Inc. v. Bell, 318 So.2d 212, 213 (Fla. 3d DCA 1975), "[t]he general rule in respect to setting aside a default or final judgment consequent thereon is that relief may be granted within the sound discretion of the trial judge upon showing of the existence of [1] a meritorious defense and [2] a legal excuse for failure to comply with the rules."
In the instant action, the only defense raised by appellant was set forth in its answer filed on October 12, 1977. This defense reads as follows: "The allegations of the complaint are denied." As can be seen from the quoted portions, set forth above, of the trial court's order denying appellant's motion to set aside the default, the trial court exercised its discretion and found that, because appellant had shown no meritorious defense, it was not entitled to have the default set aside.
In making the finding, it was necessary for the trial court to determine that appellant's general denial, set forth in its answer, was not a meritorious defense sufficient for the purpose of setting aside the default. We agree with the trial court's determination. See Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977); Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977); and Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 75 (Fla. 3d DCA 1976). See generally North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964); 46 Am.Jur.2d Judgments § 742 (1969); and Annot., 174 A.L.R. 10 (1948).
Affirmed.