367 So.2d 657 (1979)
John PRAET, Appellant,
v.
Ruth MARTINEZ, Appellee.
No. 78-2191.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Rehearing Denied March 5, 1979.
Jerry A. Burns, Miami, for appellant.
Markus, Winter & Spitale and Kenneth N. Feldman, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
*658 SCHWARTZ, Judge.
The appellant seeks review of a non-final order of the trial court which set aside, under Fla.R.Civ.P. 1.500(d), a default entered by the clerk as provided in Fla.R. Civ.P. 1.500(a). We conclude that this court lacks jurisdiction to consider this proceeding under the "new" rules of appellate procedure, effective March 1, 1978, and therefore dismiss the interlocutory appeal.
Only the non-final orders specified in Fla. R.App.P. 9.130(a) are reviewable on interlocutory appeal. See Vista View Apartments v. Hardrives Co., 364 So.2d 494 (Fla. 4th DCA 1978). The order in question here is not one of them. Since no final default judgment, as opposed to the simple default involved in this case, had been entered below, the order does not fall within Fla.R. App.P. 9.130(a)(4) which states:
"... Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule." [emphasis supplied]
Nor is the order involved here reviewable under Fla.R.App.P. 9.130(a)(5) as one which was "entered on [motion] filed pursuant to Fla.R.Civ.P. 1.540 ..." This is so because Fla.R.Civ.P. 1.500(d) states:
"(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b)." [emphasis supplied]
Our conclusion of non-reviewability is strengthened by contrasting the present rule with the provisions of the former interlocutory appeal rule, F.A.R. 4.2, which specifically provided that it applied to "orders granting or denying motions to vacate defaults." Furthermore, it is in accordance with the avowed policy of the new rules severely to limit the number and type of appealable non-final orders. Particularly in view of that policy, moreover, we decline to treat this proceeding as an application for common law certiorari under Fla.R.App.P. 9.100(a).[1] The interlocutory appeal is therefore
Dismissed.
NOTES
[1] As is said in the 1977 advisory committee and court's commentary to Rule 9.130:

"... it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certiorari. It is anticipated that since the most urgent interlocutory orders are appealable under this rule, there will be very few cases where common law certiorari will provide relief ..."