374 So.2d 1124 (1979)
Mark LEIBMAN, Petitioner,
v.
SPORTATORIUM, INC., a Florida Corporation, Respondent.
No. 78-2669.
District Court of Appeal of Florida, Fourth District.
September 12, 1979.
Elliott Heywood Lucas of Ser, DeCardenas, Levine, Busch & Allen, P.A., Miami, for petitioner.
Scott A. DiSalvo of Fazio, Dawson, Steinberg & DiSalvo, P.A., and Nancy Little Hoffman, Fort Lauderdale, for respondent.
PER CURIAM.
This petition for common law certiorari seeks to review an order setting aside a default entered by the Clerk after defendant failed to timely respond to plaintiff's complaint. For reasons set forth in Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979), the petition for certiorari is denied. Even assuming the trial court's order vacating default to be a departure from the essential requirements of law, there appears no injury which cannot be remedied by appeal after final judgment. It is true that plaintiff may have to go through a needless trial, but this burden has been repeatedly held not to constitute material injury of an irreparable nature. Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976), and Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975).
As stated in Praet, the order in question may not be the subject of an interlocutory appeal under Florida Rule of Appellate Procedure 9.130(a)(5) as it is not within the class of orders delineated in the rule. The order was not entered pursuant to Rule of Civil Procedure 1.540(b). Certiorari is, therefore, denied.
Certiorari denied.
DOWNEY, C.J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially.
I begrudgingly concur. The new Florida Rules of Appellate Procedure effective March 1, 1978, substantially amended and restricted interlocutory appeals. Under Florida Appellate Rule 4.2 a of the 1962 revision, it was specifically provided that interlocutory appeals could be taken "from orders granting or denying motions to vacate defaults and from orders granting or denying dismissal for lack of prosecution." This provision was completely deleted from the 1977 Rules of Appellate Procedure. *1125 Rule 9.130 governs (interlocutory) appeals from non-final orders and nothing is specifically stated in the rule concerning appeals from orders vacating defaults. The committee notes are of some assistance but are not determinative.[1] Despite some indication as to the survival of appeals from orders vacating clerk's defaults, I am persuaded by the Praet v. Martinez, supra, reasoning. As indicated in Praet and in the case of Sterling Drug, Inc. v. Wright, 307 So.2d 494 (Fla. 2d DCA 1975), Rule 1.540 applies only to final and not interlocutory orders. A court always has jurisdiction during the progress of a case to set aside or modify interlocutory orders before final judgment. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Interlocutory orders are not within the restrictions provided in Rule 1.540 but are rather within the inherent power of the court to control the progress of the case prior to final judgment. Thus Rule 1.540 of the Rules of Civil Procedure is not the vehicle whereby a clerk's default may be vacated even though the grounds stated in the motion may be similar to or the same as the grounds listed in Rule 1.540. An order on a motion to vacate not filed pursuant to the technical requirements of the rule is not subject to interlocutory appeal.
I thus conclude that Florida Rule of Appellate Procedure 9.130 simply does not provide for an interlocutory appeal under these circumstances.
Although we do not take jurisdiction, I am constrained to comment upon the merits of the case since the matter has been thoroughly reviewed and since the propriety of the order in question has been argued at length by both parties.
Plaintiff filed suit and effected service of process through the Broward County Sheriff's Office. No responsive pleading was forthcoming and plaintiff applied for and obtained a default from the clerk of the court. Thereafter, defendant filed a motion to quash service of process and to vacate the default. This motion was based solely on alleged faulty service of process. An evidentiary hearing occurred on the motion contesting service of process. At this hearing, defense counsel made his position clear in that he was appearing specially and solely for the purpose of contesting jurisdiction. Obviously, if there was no jurisdiction, then the default would be subject to vacation. Defense counsel specified he was not seeking relief from the default under Rule 1.540 of the Florida Rules of Civil Procedure. After a full evidentiary hearing, the trial court found service of process was effective, that jurisdiction over the defendant was proper, and that a responsive pleading should have been filed. Despite these findings regarding proper service of process and jurisdiction, the court's order goes on to vacate the default, "in the interest of justice and in an attempt to bring the matter to a conclusion on the merits."
The defendant's motion attacked jurisdiction and related solely to service of process. The court found against defendant on every issue raised in the motion but for reasons which I have been unable to discover in the record went further and ruled in favor of defendant by vacating the default. I am unaware of any authority allowing the trial court to vacate a default based solely on the court's subjective view that it is "in the interest of justice." Since we deny certiorari, this case will proceed to judgment. If the plaintiff/petitioner does not prevail on the merits, then we can expect to be faced with the plaintiff's eventual argument that the default should not have been vacated.
NOTES
[1] These notes pertaining to sub-section (a)(3) state in relevant part that "Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former Rule 4.2." The notes pertaining to sub-section (a)(4) state, "Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default." Although somewhat duplicative sub-section (a)(5) of Rule 9.130, provides for interlocutory appeals from orders entered on motions filed pursuant to Florida Rule of Civil Procedure 1.540. It may be that the drafters of the new rules felt that appeals from such orders on defaults would be authorized by the new provisions in sub-sections (a)(4) or (a)(5).