378 So.2d 116 (1980)
VANCO CONSTRUCTION, INC., Petitioner,
v.
NUCOR CORPORATION, Respondent.
No. 79-423.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Thomas M. Burke of Rumberger, Kirk & Caldwell, Orlando, for petitioner.
ORFINGER, Judge.
This is a petition for a writ of common law certiorari to review an order of the trial court denying petitioner's motion for summary judgment. An order denying a motion for summary judgment is not among those non-final orders which may be reviewed by interlocutory appeal pursuant to Rule 9.130, Fla.R.App.P. The question *117 then is whether this Court should review such order by common law certiorari.
Petitioner is a third-party defendant in the trial court, wherein the third-party plaintiff seeks a judgment against it for contribution and/or indemnity. Petitioner urges in its petition here that without question the trial court departed from the essential requirements of law in denying its motion for summary judgment; that respondent cannot prevail on its third-party complaint and that petitioner will therefore suffer irreparable harm if it is required to proceed through a trial in order to prevail. Additionally, petitioner says that there will be a considerable saving of judicial time and effort if this Court terminates the third-party litigation now.
As appealing as this argument may be, for the reasons set forth in Praet v. Martinez, 367 So.2d 657, (Fla. 3d DCA 1979) and Liebman v. Sportatorium, 374 So.2d 1124 (Fla. 4th DCA 1979) the petition for certiorari must be denied. As stated in Liebman, supra, even assuming the trial court's order to be a departure from the essential requirements of law (a point which we obviously do not decide) no injury appears which cannot be remedied after final judgment, and for all we know, if indeed it is error, the trial judge may correct it before or during trial.
If, as petitioner says, it may have to go through a needless trial, this burden has been repeatedly held not to constitute material injury of an irreparable nature. Liebman, supra; Santini Brothers, Inc., v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976). In Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975) Judge Downey eloquently states the reason for refusing to review interlocutory orders which can adequately be reviewed after final judgment, and the reasons expressed there are even more appropriate today.
Accordingly, the petition for writ of certiorari is denied.
COBB and UPCHURCH, JJ., concur.