379 So.2d 1333 (1980)
Joyce A. YATES, Appellant,
v.
ROLLER SKATING RINKS INCORPORATED, a Florida Corporation d/b/a Pirates Cove Skating Center, Appellee.
No. 79-493.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
T.G. LaGrone, Orlando, for appellant.
Sutton G. Hilyard, Jr., Orlando, for appellee.
SHARP, Judge.
The plaintiff, Joyce A. Yates, filed a Motion for Default against the defendant in a civil action seeking damages. The basis for the default was failure of the defendant to file responsive pleadings timely. The trial court entered a default against the defendant on August 14, 1979, pursuant to Rule 1.500(b) of the Florida Rules of Civil Procedure.[1] Upon motion and after a hearing the court set aside the default on November 19, 1979 and allowed the defendant to defend the litigation. The plaintiff timely filed a Notice of Interlocutory Appeal of the trial court's order setting aside the default. The defendant/appellee filed a Motion to Dismiss the interlocutory appeal with this court. We agree with the appellee that this appeal should be dismissed.
The jurisdiction of this court is governed by the new Appellate Rules, effective March 1, 1978. Rule 9.130 of the Florida Rules of Appellate Procedure provides interlocutory appeal jurisdiction to review certain kinds of "non-final" orders of lower tribunals, but limits them to those categories specified in the Rule. This kind of interlocutory order is not among those listed by the Rule.
*1334 The Committee Note to Rule 9.130 volunteers:
... Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
The implication is that such non-final orders are reviewable under this Rule, in some circumstances. Clearly they were generally reviewable under prior (but now superseded) Appellate Rule 4.2, which expressly provided: "... appeals may be prosecuted ... from orders granting or denying motions to vacate defaults ..." (In re Florida Appellate Rules, 211 So.2d 198 (Fla. 1968)). The omission of orders regarding defaults from Rule 9.130 must have been intentional. To include them as one of the categories of orders generally reviewable by interlocutory appeal by judicial construction would do violence to an obvious deletion.
The order in this case was not entered pursuant to Florida Rules of Civil Procedure 1.540(b), nor did the order set aside a final judgment as opposed to a simple default.[2] It is not reviewable by interlocutory appeal. Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979); Sec. Motors v. Fiat Motors of North America, 373 So.2d 396 (Fla. 1st DCA 1979). See also Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979). Absent an extraordinary situation not posed by this case, this kind of order is also not reviewable by means of petition for common law certiorari, and we decline to treat this appeal as an application for a common law writ of certiorari. Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979).
APPEAL DISMISSED.
COBB and UPCHURCH, JJ., concur.
NOTES
[1] No final judgment had been entered pursuant to Rule 1.500(e), Florida Rules of Civil Procedure.
[2] Rule 1.500(e) Florida Rules of Civil Procedure.