384 So.2d 281 (1980)
CARIBBEAN AGENCIES, INC., Appellant,
v.
AGRI-EXPORT, INC., a Florida Corporation, Gulf States Trading Co., Inc., a Florida Corporation, and Mayan Lines, Inc., a Florida Corporation, Appellees.
No. 79-408.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Reginald M. Hayden, Jr., Law Offices of Reginald M. Hayden, Jr., P.A., Miami, for appellant.
Richard P. Zaretsky, West Palm Beach, for appellees.
PER CURIAM.
This appeal brings before us an order denying a motion to vacate a default. We determine that since such an order is not appealable under either Rule 9.110 or Rule 9.130, Florida Rules of Appellate Procedure, we are without jurisdiction to consider this appeal. Moody v. Moody, 371 So.2d 553 (Fla.2d DCA 1979).
DISMISSED.
*282 ANSTEAD, J., and FAGAN, OSEE R., Associate Judge, concur.
HERSEY, J., concurring specially.
HERSEY, Judge, concurring specially.
Caribbean Agencies, Inc., one of two defendants, appeals a non-final order denying its motion to set aside a default entered by the Clerk pursuant to Rule 1.500(a), Florida Rules of Civil Procedure. We here determine that such an order is not appealable.
A defaulted party may for any number of reasons have no legitimate position in the litigation and yet, if the trial court mistakenly refuses to set aside a default, that party is put to the time and expense of a trial on damages and then an appeal. The parties and our judicial system are thus imposed upon. It seems to me that some reasonable alternative should be adopted. The instant case provides a horrible example.
Appellee, Agri-Export, Inc., filed a complaint against Caribbean Agencies, Inc. and Mayan Lines, Inc. Caribbean failed to file a responsive pleading within the time prescribed. Appellant's motion to set aside the default was denied on the basis that a meritorious defense had not been shown.
Several recent cases have considered the jurisdictional question involved in an appeal from a default. In order not to further muddy the waters, it is appropriate to point out what is not involved here.
A final judgment consequent upon default is an appealable order. So, too, is an order on an application made pursuant to Rule 1.540(b), Florida Rules of Civil Procedure, which may be appealed pursuant to Rule 9.130(a)(5), Florida Rules of Appellate Procedure. See Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971).
We have before us the disposition of a motion to vacate a default, not a default judgment. Under the Appellate Rules applicable before March 1, 1978 such orders were expressly appealable. Rule 4.2(a) of the 1962 Revision provided that interlocutory appeals would lie "from orders granting or denying motions to vacate default and from orders granting or denying dismissal for lack of prosecution." The present rules are silent as to the appealability of such orders. A committee note to Rule 9.130, Florida Rules of Appellate Procedure indicate that:
Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
This assertion finds no support in the language of the rule itself.
Each of the District Courts of Appeal of Florida, with the exception of the Second District, have held that a non-final order granting a motion to set aside a default is not an appealable order. Praet v. Martinez, 367 So.2d 657 (Fla.3d DCA 1979). Security Motors, Inc. v. Fiat Motors of North America, Inc., 373 So.2d 396 (Fla. 1st DCA 1979); Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979); Yates v. Roller Skating Rinks, Inc., 379 So.2d 1333 (Fla. 5th DCA 1980).
However, a slightly different question is presented where the motion to set aside the default is denied. The Second District addressed this issue and dismissed an appeal in reliance on Praet v. Martinez, supra, which, as indicated previously, involved an order granting, not denying, a motion to set aside a default. Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979). Because of the court's misapplication of Praet, supra, Moody is not persuasive authority on the precise point involved here.
Rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure provides for appellate review of a non-final order which determines the "issue of liability in favor of a party seeking affirmative relief." A default entered against a defendant determines the issue of liability in favor of the plaintiff. An order granting a motion to vacate a default moots appealability. The defaulted party is in the same position he would have been in had no default been entered. An order denying a motion to vacate has entirely different consequences. *283 The question of liability has been finally settled adversely to the defaulted party and only the issue of damages (or other relief sought by the complaint) remains to be tried. The time for appeal of the default itself may have expired before the defaulted party has notice that a default has been entered. The adverse party is under no persuasive influence to take action which would alert the defaulted party within the appeal period to his approaching dilemma. At the same time it could plausibly be argued that the default itself and not the order denying a motion to vacate the default fits precisely within the parameters of the rule permitting an appeal. So interpreted, the rule would provide a remedy that in most instances could not be invoked because of being discovered too late.
Under these singular circumstances it would seem reasonable to provide that the filing of such a motion tolls the time in which an appeal may be filed. The operative event becomes rendition of the order disposing of the motion.
I also agree with the views expressed by Judge Smith in his dissent in Security Motors, Inc. v. Fiat Motors of North America, Inc., supra, and by Judge Beranek in his special concurrence in Leibman v. Sportatorium, Inc., supra, that an order setting aside a default should have similar treatment, but it seems evident that a change in the rules is required to effect that result. Such a change would eliminate much confusion and would lead to uniformity as well as judicial economy.
Having disposed of this preliminary issue to my own satisfaction, if not that of the majority, a word about the merits would seem to be in order.
The summons and complaint were served on defendants, Caribbean Agencies, Inc. and Mayan Lines, Inc., at the same address. Appellant's counsel represented both defendants but filed a motion to dismiss and strike on behalf of Mayan Lines only. Default was entered as to appellant Caribbean Agencies, Inc. without notice. A motion for final judgment consequent upon default was filed and six days thereafter counsel filed a belated answer. The clerk did not return the answer to appellant even though a default had been entered. Appellant then filed a motion to set aside the default, attaching to the motion an affidavit of counsel to the effect that the initial failure to file a responsive pleading had occurred through inadvertence. At the hearing a copy of the answer was filed with the court. The order denying appellant's motion to set aside default for failure to demonstrate a meritorious defense occasioned this appeal. The record discloses that the trial court apparently accepted appellee's argument that the motion to set aside default must be sworn to and must itself establish both a meritorious defense and excusable neglect. I would hold to the contrary.
There is no requirement in our rules to the effect that such a motion be under oath. It is sufficient if the evidence in support of the motion be under oath. The motion was supported by an affidavit and the only appropriate inquiry was whether the circumstances constituted excusable neglect.
This Court stated in Clark v. Roberto's, Inc., 320 So.2d 870 (Fla. 4th DCA 1975), and reiterated in Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977), this Court's philosophy with regard to defaults:
It has long been the policy of the courts in this state to liberally set aside defaults for failure of a defendant to plead so as to allow a determination of the controversy on the merits when the defendant demonstrates that his neglect was excusable and that he has a meritorious defense. Clark v. Roberto's, Inc. at 871.
The following cases essentially hold that misplacement of the summons and complaint is excusable neglect: Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976). In Bryson, supra, the court held that the trial judge abused his discretion in not vacating a default where counsel was absent *284 from the hearing on the motion for default because the date had not been properly noted on his calendar. In English v. Hecht, 189 So.2d 366 (Fla. 3d DCA 1966), the court ruled that an attorney's failure to file an amended complaint within a specified time was due to excusable neglect because the attorney miscalculated the time period and thus mistakenly docketed the matter on his calendar.
In addition to the reason(s) offered for failure to act, diligence in filing a motion for relief pursuant to Rule 1.540, Florida Rules of Civil Procedure, is a factor to be considered. Westinghouse Credit Corp. v. Steven Lake Masonry, Inc., 356 So.2d 1329 (Fla. 4th DCA 1978); Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). In the case at bar, counsel timely filed a responsive pleading on behalf of one client, inadvertently failing to respond for appellant. Within six days of the filing of a motion for judgment consequent upon default counsel filed an answer and four days later a motion to set the default aside. I would hold that these circumstances compel a finding of excusable neglect.
I also conclude that the trial court was obliged to consider the contents of the proposed answer filed with the court on the question of the existence of a meritorious defense. Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977); Mission East Co. v. Wyszatycki, 362 So.2d 87 (Fla. 3d DCA 1978). That answer contained an allegation that appellant was the agent for a disclosed principal, which, if proven, would constitute a complete defense to the complaint.
Appellant having demonstrated both a meritorious defense and excusable neglect, it was an abuse of discretion for the trial court to deny the motion to set aside default.
Apparently trial counsel for appellee had reason to suppose that both defendants were represented by common counsel. Notice of the motion for default was not given, nor was a telephone call made before entry of the default, on the mistaken notion that an attorney's duty to his client prohibits such exercises in professional courtesy. With the impetus in malpractice litigation I can appreciate counsel's apprehension in this regard. It is my view, however, that counsel's obligation to his client does not outweigh his duty as an officer of the court. It is the function of our legal system to resolve controversy on the basis of appropriately presented facts, not tactical proficiency. Time limitations exist for the sake of efficiency, not as traps for the unwary. Suffice it to say that in this case a great deal of time and energy has been wasted for want of a single, simple telephone call that a decade ago would have been considered the rule rather than the exception. Perhaps this clarification of counsel's duty albeit but a passing thought in a special concurrence, may have some slight impetus toward reversing that trend, at least in the limited area now before this Court.