SHARP, Judge.
The appellant, Milton L. Bearden, filed a replevin suit seeking the return of his truck from the appellee, Ed Revis, and damages for its wrongful detention. When Revis’ attorney, Langley, failed to file a responsive pleading within 20 days after service of process, Bearden obtained entry of a default judgment by the clerk.[1] The court thereafter entered an order granting Bear-den the return of his truck, and setting a time for a hearing on the damages claim. Langley moved to set the default aside pursuant to Rule 1.500(d), alleging excusable neglect. After a hearing, the court set aside the default and allowed the appellee to file pleadings. The appellant appeals from this order.
The revised or “new” Appellate Rules have put the appellate courts out of the *1364 “default judgment business,” unless the order being appealed sets aside a final judgment entered after a default pursuant to Florida Rules of Civil Procedure 1.500(e) and 1.540(b). Yates v. Roller Skating Rinks, Inc., 379 So.2d 1333 (Fla. 5th DCA 1980). The order in this case did not set aside a final judgment. The appellant argues that this is a proper interlocutory appeal pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(ii), because it determined the “right to immediate possession of property.” However, the order granting appellant possession of the truck continues unaffected by any action taken by the trial court, and appellant does not challenge the correctness of that order in this appeal.
We do not have jurisdiction in this ease. Therefore we dismiss the appeal sua sponte.
DISMISSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Fla.R.Civ.P. 1.500(a).