392 So.2d 1005 (1981)
PEDRO REALTY, INC., Appellant,
v.
Jesus M. SILVA and Olga Silva, His Wife, Appellees.
No. 80-2166.
District Court of Appeal of Florida, Third District.
January 21, 1981.
*1006 Manuel Oliver, Hialeah, for appellant.
Irma V. Hernandez and Fernando E. Heria, Hialeah, for appellees.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
We are asked to decide whether an order denying a motion to vacate a default is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). We hold that such an order, because it determines liability in favor of a party seeking affirmative relief, satisfies the jurisdictional requisites of this rule and is appealable.
We adopt the reasoning found in Judge Hersey's special concurring opinion[1] in Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla.4th DCA 1980). We find some further, but slight, support in Overholser v. Overstreet, 383 So.2d 953 (Fla.3d DCA 1980), a case in which we specifically accepted jurisdiction under Rule 9.130(a)(3)(C)(iv) of an appeal from an order denying a motion to set aside a default, but in which our jurisdiction was apparently not questioned.
We find completely distinguishable cases which hold that an order granting a motion to vacate a default is not appealable, see, e.g., Yates v. Roller Skating Rinks, Inc., 379 So.2d 1333 (Fla.5th DCA 1980); Praet v. Martinez, 367 So.2d 657 (Fla.3d DCA 1979), since such an order does not determine liability in favor of a party seeking affirmative relief and, therefore, does not activate Rule 9.130(a)(3)(C)(iv). We find unpersuasive cases which, without any consideration or discussion of Rule 9.130(a)(3)(C)(iv), hold that an order denying a motion to vacate a default is not appealable. See, e.g., Moody v. Moody, 371 So.2d 553 (Fla.2d DCA 1979).[2]
The motion to dismiss the appeal is denied.
SCHWARTZ, J., dissents.
SCHWARTZ, Judge (dissenting).
I cannot agree that an order which denies a motion to vacate a default is one which, in any meaningful sense, "determines[s] ... the issue of liability in favor of a party seeking affirmative relief" under Fla.R. App.P. 9.130(a)(3)(C)(iv). It seems to me that the order "determines" only that the defendant-movant has not established his right to have a duly entered default set aside, and that the fact that this ruling has the consequential effect of foreclosing a liability defense does not bring the order within the narrowly-defined and limited class of non-final orders which are subject to interlocutory review. I therefore concur with the decisions in Moody v. Moody, 371 So.2d 553 (Fla.2d DCA 1979) and Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla.4th DCA 1980) that the rationale of Praet v. Martinez, 367 So.2d 657 (Fla.3d DCA 1979),[1] holding that the granting of a motion to vacate is unappealable, applies directly to the present situation. I would dismiss the appeal.
NOTES
[1] Despite being labeled a concurrence, Judge Hersey's opinion is, in fact, a dissent.
[2] As Judge Hersey points out, Praet-begat Moody, and Moody begat the majority's opinion in Caribbean Agencies. Caribbean Agencies is but a continuation of Moody's misapplication of Praet.
[1] As the author of Praet, I consider Moody and Caribbean Agencies as its legitimate children, not, as note 2 of the court's opinion suggests, as offspring of another type.