BARKDULL, Judge.
The appellant brings this appeal,[1] seeking to review an order denying its motion to vacate a default.
The appellee was injured in an altercation at the appellant’s facility in Broward County. As a result of the alleged injuries, he filed the instant suit. Service was perfected on a Lia Damonte, as agent of the appellant, on March 20, 1981. The complaint was given to Gordon Jennings, Comptroller of Sportatorium. He, in turn, sent the complaint and summons to the Adler Agency, where it was received April 1,1981. The documents were returned to Jennings on April 22, with a letter indicating they were no longer insurance agent for the facility. Jennings then learned that Georgetown Agency carried Sportatorium’s coverage. He thereupon forwarded the papers to the Georgetown Agency, which received them on April 28. They were forwarded to Hull & Company, the producing agent, who received them on May 1. Hull & Company then notified the Guaranty National Insurance Company in Englewood, Colorado, which referred the matter to counsel in Dade County.
*930 During the interim, plaintiff caused a default to be entered against the appellant on April 10, 1981. Upon learning of the default, counsel for the appellant contacted the appellee’s counsel on or about May 5 and informed him of his representation of Sportatorium. Sportatorium’s counsel also requested the appellee’s counsel to voluntarily vacate his default. The appellee’s counsel requested that the request be put in writing, which was agreed to. On May 11, appellee’s counsel not having heard from appellant’s counsel filed a motion for final judgment. On May 12 the appellant filed its motion to vacate the default. On May 14 a final judgment in default was entered. On May 26 appellant moved to set aside the final judgment in default, alleging excusable neglect in failure to answer and that it had a meritorious defense, to wit: a denial of negligence, the allegation of negligence of others, and the allegation of comparative negligence or volitional acts of the plaintiff. The motion was accompanied by an answer, affidavit, a motion to dismiss, and a motion to abate alleging improper venue. The cause came on for hearing on the motion to vacate default, after which the trial court entered the order appealed wherein it found the appellant failed to demonstrate the requisite showing of excusable neglect. Therefore, the trial court denied the motion to vacate.
The appellant contends the trial court erred in denying the motion to vacate, on the ground that under the doctrine of North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962) and its progeny, the appellant has demonstrated both excusable neglect and a meritorious defense. This failure to grant the motion to vacate default constituted a gross abuse of discretion. As stated in North Shore Hospital, Inc. v. Barber, supra, whether a default should be opened must depend on all the facts and circumstances connected with the case. This being so, under the facts of this case, including the time involved, it would appear that the trial court incorrectly determined that the appellant failed to prove excusable neglect, particularly in light of the established policy to liberally set aside defaults. See: Cunningham v. White, 390 So.2d 467 (Fla.3d DCA 1980).
Therefore, we reverse the order denying the motion to vacate the default, with directions to vacate the default and permit the defendant to file its defenses.
Reversed and remanded, with directions.

. The appeal is taken from a non-final order, pursuant to Rule 9.130(a)(3)(C)(iv), F.A.R., and Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla.3d DCA 1981).