411 So.2d 190 (1982)
DOCTOR'S HOSPITAL OF HOLLYWOOD, INC., Petitioner,
v.
Hunter W. MADISON, et Ux., Respondents.
No. 60599.
Supreme Court of Florida.
March 4, 1982.
Mark Hicks of Daniels & Hicks, Miami, and the Law Offices of Mottlau & Wakefield, Miami, for petitioner.
Larry Klein, West Palm Beach, and the Law Offices of Rubin & Rubinchik, Hollywood, for respondents.
ADKINS, Acting Chief Justice.
We have for review a decision of the District Court of Appeal, Fourth District, (Doctor's Hospital of Hollywood, Inc. v. Madison, 404 So.2d 132 (Fla. 4th DCA 1981)), which is certified to be in direct conflict with a decision of another district court of appeal (Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla. 3d DCA 1981)). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent, Hunter W. Madison (plaintiff below, hereinafter plaintiff), filed a medical mediation claim against petitioner, Doctor's Hospital of Hollywood, Inc. (defendant below, hereinafter defendant), alleging that defendant and a doctor were negligent in an operation performed on plaintiff in 1971. Upon receiving notice of the medical mediation claim, defendant's administrator forwarded the same to defendant's parent corporation which turned the matter over to its attorneys. Because, however, of this Court's decision in Aldana v. Holub, 381 So.2d 231 (Fla. 1980), holding the Medical Mediation Act unconstitutional and all proceedings thereunder void, no answer was filed and the matter was not pursued. Plaintiff thereafter filed in circuit court a complaint alleging negligence on defendant's part, a copy of which was served on defendant's administrator on April 3, 1980.
According to an affidavit filed in the circuit court, the administrator, who is not an attorney, mistakenly assumed that the summons and complaint with which he was served were "subsequent filings" in the medical mediation action and so he failed to answer the same or to forward them to the parent company. Because of defendant's failure to respond to the complaint, the clerk of the circuit court entered a default on May 15, 1980. On August 27, 1980, plaintiff filed a motion for default judgment which was granted on October 10, 1980.
*191 On January 15, 1981, defendant filed a motion alleging that the default should be set aside on the basis of mistake and excusable neglect and that defendant could raise as a defense to the action the statute of limitations. The circuit court denied the motion and defendant appealed the order to the District Court of Appeal, Fourth District.
In the district court, plaintiff filed a motion to dismiss the appeal on jurisdictional grounds. The court granted the motion, stating that it was adhering to its ruling in Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla. 4th DCA 1980), and certified that its decision was in direct conflict with the Third District Court of Appeal's Silva decision. This review followed.
In Caribbean Agencies the Fourth District Court of Appeal was presented with an appeal of an order denying a motion to vacate a default judgment, as in the present case. In dismissing the appeal, the court held as follows:
This appeal brings before us an order denying a motion to vacate a default. We determine that since such an order is not appealable under either Rule 9.110 or Rule 9.130, Florida Rules of Appellate Procedure, we are without jurisdiction to consider this appeal. Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979).
384 So.2d at 281.
In Silva, the third district court was likewise confronted with the question of whether an order denying a motion to vacate a default is appealable under Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure (1977). That court held that it is appealable "because it determines the liability in favor of a party seeking affirmative relief... ." 392 So.2d at 1006. In so holding, the court expressly adopted the reasoning of Judge Hersey's special concurrence (which despite its label, was actually a dissent) in Caribbean Agencies. We agree with the third district's resolution of this question for several reasons.
First, there is the language used in rule 9.130, which provides for review of non-final orders of lower tribunals which "determine the issue of liability in favor of a party seeking affirmative relief." Plaintiff argues that an order refusing to set aside a default judgment merely preserves the status quo and that liability is determined with rendition of the default order. Thus, he continues, "by no stretch of the imagination can it be said that an order denying a motion to vacate determines liability." We disagree.
An order denying a motion to vacate a default determines liability just as certainly as does an order of default. Webster's Third New International Dictionary, Unabridged, defines "determine" as, among other things, "to fix conclusively or authoritatively," "to settle a question or controversy about," and to "decide by judicial sentence." An order denying a motion to vacate a default judgment conclusively or authoritatively decides that the liability imposed by the default order will not be vacated. It settles the question or controversy, deciding by judicial ruling that the movant shall be liable as found in the original order. We agree that an order of default determines liability under rule 9.130(a), but, we find that an order denying a motion to vacate default does too. Both are appealable under the wording of the rule.
Plaintiff also argues that in light of the wording of Rule 4.2(a), Rules of Appellate Procedure (1962 Revision), the forerunner of rule 9.130, the language of the current rule prohibits review of the order here in question. Rule 4.2(a) specifically provided for interlocutory appeal from "orders granting or denying motions to vacate defaults... ." Rule 9.130, in contrast, makes no specific provision for review of such orders, and the committee note to it states that it "substantially alters" the practice from that under rule 4.2(a). We do not agree, however, that the change indicates an intent to prohibit appeals like that dismissed in the case sub judice.
We find that the "substantial alteration" resulting from the change in language was the elimination of appeals of orders granting motions to vacate default. Such an order does not "determine the issue of liability *192 in favor of a party seeking affirmative relief" and thus is no longer a proper matter for interlocutory review. The new rule need not have eliminated appeals of all orders pertaining to default judgments in order to work a "substantial change." Barring previously-permitted appeals of orders denying default while still allowing appeal of those granting the same qualifies as such. Thus the change from the wording used in rule 4.2(a) and the committee note to rule 9.130 do not convince us that plaintiff is correct in his argument.
Consideration of the practical result of plaintiff's interpretation of rule 9.130 also persuades us that defendant's position is the correct one. Plaintiff's interpretation, that "liability" is determined by the initial order granting default and that any later order refusing to vacate the default simply preserves the status quo, seems reasonable until implemented.
If plaintiff is correct, then the party against whom the default is rendered might lose its right to appeal before even being made aware of entry of the default. This is so because there is no requirement that a party against whom a default is entered be given notice, and any appeal thereof must be filed within thirty days of entry of the order. The thirty-day period might elapse without the losing party ever knowing what happened.
Under the interpretation which we adopt, however, a party could not lose its right of appeal without notice. An order denying a motion to vacate default, by nature of the procedure involved, provides notice for those involved, and so if any party failed to timely file an appeal it would not be due to ignorance of the proceedings. An interpretation preventing unwitting forfeiture of a right to appeal is preferable to one which permits such.
Plaintiff cites Judge Schwartz' dissent in Pedro Realty v. Silva as the correct and definitive explanation of why the order here in question is not appealable. In his dissent, the judge argued that an order denying a motion to vacate a default does not fall "within the narrowly-defined and limited class of non-final orders which are subject to interlocutory review," 392 So.2d at 1006, and concurred with the decisions in Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979), and Caribbean Agencies. In Moody and Caribbean Agencies, the second and third district courts held that the ruling in Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979), that the granting of a motion to vacate is not appealable, is also applicable where the order in question is one denying a motion to vacate. We do not agree.
In holding that orders granting a motion to vacate default are not reviewable under rule 9.130(a), the Martinez court did not address the reviewability of orders denying such motions. In view of our already-explained conclusions regarding rule 9.130, we believe that the fourth district purposely limited its ruling to orders granting such motions and that the second and third districts erred in extending the rationale of Martinez. Neither that decision nor the language of the rule support the holdings of Moody and Caribbean Agencies. Thus the dissent in Silva, which cites Moody and Caribbean Agencies, and on which plaintiff relies in arguing the non-appealability of the order here, is not good support. Plaintiff's authorities are not persuasive.
Having considered the arguments of both sides, having interpreted the rule as permitting an appeal of an order denying a motion to vacate a default, and having found that the decisions holding otherwise improperly broaden an earlier ruling, we find that the district court improperly granted plaintiff's motion to dismiss. The cause is remanded to the district court for proceedings consistent with this opinion.
It is so ordered.
BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.