411 So.2d 872 (1982)
Jesus M. SILVA and Olga Silva, His Wife, Petitioners,
v.
PEDRO REALTY, INC., Respondent.
No. 60396.
Supreme Court of Florida.
March 11, 1982.
Fernando Eduardo Heria of the Law Offices of Irma V. Hernandez, Hialeah, for petitioners.
Manuel E. Oliver, Hialeah, for respondent.
*873 PER CURIAM.
The sole question before us for review is whether an order denying a motion to vacate a default is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).[1] The District Court of Appeal, Third District, in the case now before us held that it was appealable. Pedro Realty, Inc. v. Silva, 392 So.2d 1005 (Fla. 3d DCA 1981). This holding directly and expressly conflicts with Caribbean Agencies, Inc. v. Agri-Export, Inc., 384 So.2d 281 (Fla. 4th DCA 1980), and Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979), which hold that the district court is without jurisdiction to consider an appeal from an order denying a motion to vacate a default.
Our recent decision in Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982), which holds that an order denying a motion to vacate a default is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), resolves this conflict.
Accordingly, we approve the decision of the Third District in Pedro Realty, Inc. v. Silva and disapprove the decisions of the Fourth and Second Districts in Caribbean Agencies, Inc. v. Agri-Export, Inc. and Moody v. Moody.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] By Notice to Invoke Discretionary Review filed March 16, 1981, petitioners sought review of the Third District's decision reported at 392 So.2d 1005 (Fla. 3d DCA 1981), on the basis of conflict with several cited decisions. Their brief on jurisdiction was limited to an explanation of conflict between this district court decision denying dismissal of the appeal and the several decisions which announced contrary holdings. We accepted jurisdiction to review this decision of the district court based on express and direct conflict. Petitioners now, in their brief on the merits, attempt to argue the merits of the decision properly before us as well as the subsequent decision of the Third District decided April 28, 1981, Pedro Realty, Inc. v. Silva, 399 So.2d 367 (Fla. 3d DCA 1981), which decision is not properly before us for review. We will not consider any argument directed to the propriety of the second decision from which no notice of review was sought.