436 So.2d 392 (1983)
Phrances HOWARD, Appellant,
v.
Robert F. McAULEY, Appellee.
No. 82-933.
District Court of Appeal of Florida, Second District.
August 19, 1983.
John E. Swisher of Akerson, Swisher & Hitchens, St. Petersburg, for appellant.
John T. Allen, Jr., and Michael J. Keane of John T. Allen, Jr., P.A., St. Petersburg, for appellee.
HOBSON, Judge.
Plaintiff Phrances Howard appeals an interlocutory order granting defendant Robert McAuley's "petition for rehearing" of an order denying his motion to vacate and set aside a default and default final judgment. We have jurisdiction under Florida Rules of Appellate Procedure 9.130(a)(4) and (5).[1] We affirm.
*393 Appellant instituted a legal malpractice action against appellee in the autumn of 1981. Pursuant to appellant's subsequent motion, the clerk entered a default. The court below thereafter rendered a final judgment of default in her favor. Appellee promptly filed a motion to vacate and set aside the default and default final judgment. At the conclusion of a hearing on appellee's motion, the court orally ruled against it on the ground that appellee had failed to establish a meritorious defense. Prior to rendition of the court's order denying appellee's motion, appellee filed a "Petition for Rehearing." The court later filed an order granting appellee's petition and vacating the default and default final judgment, finding that the clerk had committed "error" by entering the default in that appellee had served a motion to dismiss prior to entry of the default by the clerk.
After appellant filed her appeal, we instructed the parties to brief and argue only the issue of whether the court below had jurisdiction to entertain appellee's "petition for rehearing." Assuming that it had jurisdiction, there is no question but that it held correctly on the merits. See, e.g., Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
Appellant, noting that the order of the court below denying appellee's motion to vacate and set aside the default and default final judgment was a nonfinal order appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), see Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982), contends that the court lacked jurisdiction to entertain his "petition for rehearing" since a petition for rehearing (i.e., a motion for rehearing) is not authorized from a nonfinal order. See Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983). She submits alternatively that, assuming the court could entertain a petition for rehearing, it lacked jurisdiction to entertain appellee's "petition for rehearing" since his petition was a "nullity" in that it was filed "prematurely," i.e., before rendition of the order denying his motion. See Tri-State Systems v. Seminole County, 302 So.2d 168 (Fla. 4th DCA 1974). Appellee responds that appellant's alternative contentions miss the mark since he believes that, placing substance above form, his "petition for rehearing" should not be treated as such. *394 Assuming that we agree with this assertion, he maintains that, although he may have lost his opportunity for appellate review of the nonfinal order denying his motion, various jurisdictional bases, including Florida Rules of Civil Procedure 1.540(a) and (b), existed upon which the court could entertain his petition. Mindful that the Florida Rules of Civil Procedure are to be construed to effectuate the "just" determination of every action, see rule 1.010, and that "technical forms" of pleading are abolished under such rules, see rule 1.110, we accept appellee's arguments.
Denomination aside, appellee's "petition for rehearing" was, for all intents and purposes, a motion for relief from judgment under rules 1.540(a) and (b). These rules read in relevant part:
Rule 1.540. Relief from Judgment, Decrees or Orders

(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders... .
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... . The motion shall be made within a reasonable time, and for reasons (1) ... not more than one year after the judgment, decree, order or proceeding was entered or taken... .[2]
Although not expressly citing rules 1.540(a) or (b) in his "petition for rehearing," appellee's request for relief therein was easily cognizable under these rules. He asserted for the first time therein that he had served a pleading in a timely fashion and that, given rule 1.500(c), which provides that a party may plead at any time before a default is entered, the clerk had improperly entered the default under rule 1.500(a), which states that the clerk may enter a default only if the party against whom affirmative relief is sought has failed to file or serve any paper in the action.
Treating appellee's "petition for rehearing" as a motion for relief from judgment under rules 1.540(a) and (b), we hold that, due to the clerk's "error" as expressly found by the court below, the court correctly assumed jurisdiction pursuant to rule 1.540(a) to vacate and set aside the default and, because it rendered its final judgment of default as a result of the clerk's "error," it also rightly assumed jurisdiction under rule 1.540(b)(1) to set aside the judgment on the ground of "mistake." See rule 1.500(d).[3]
Accordingly, we affirm the order granting appellee's petition to vacate and set aside the default and default final judgment.
AFFIRMED.
OTT, C.J., and SCHEB, J., concur.
NOTES
[1] The Supreme Court of Florida remarked in dicta in Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982), that an order granting a motion to vacate a default is not a proper matter for interlocutory review since such a nonfinal order does not, paraphrasing from Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), "determine the issue of liability in favor of a party seeking affirmative relief."

Whatever the import of this language in Doctor's Hospital, it does not apply here for two reasons:
The first reason is that appellant is challenging an interlocutory order which, in effect, granted a motion to vacate a default and default final judgment. Thus, we are vested with jurisdiction under rule 9.130(a)(4), which states in whole:
Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(Emphasis added.) Cf. Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979).
(We cannot help but point out that the "Committee Notes" to rule 9.130(a)(4) volunteer that "[s]uch [nonfinal] orders include... an order granting a motion to vacate default." We believe that, given the wording of rule 9.130(a)(4), this note is inaccurate. It should read that "[s]uch [nonfinal] orders include... an order granting a motion to vacate default and default final judgment.")
The second reason why the dicta in Doctor's Hospital does not apply here is because the order appellant is attacking was, as we view the case, entered on a motion filed pursuant to Florida Rule of Civil Procedure 1.540. See body of opinion, infra. Therefore, we are also vested with jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5), which reads in full:
Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.
Cf. Praet.
[2] Appellee filed his "petition for rehearing" not more than one year after entry of the final default judgment.
[3] Florida Rule of Civil Procedure 1.500(d) provides in its entirety:

(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).