DOWNEY, Judge.
Appellant seeks review of an interlocutory order denying his motion to vacate a default judgment. We have jurisdiction to review said order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See Doctor’s Hosp. of Hollywood v. Madison, 411 So.2d 190 (Fla.1982).
Appellant, the owner and operator of a motel, entered into a contract with appellee whereby appellee furnished and maintained a number of television sets and a comprehensive telephone system for appellant’s motel. When appellant became delinquent in his monthly installment payments appel-lee filed suit for replevin and damages on December 9, 1982. Appellant was served with the complaint, summons, and prejudgment writ of replevin, and the personal property involved was delivered to appellee.
Upon being served appellant called his lawyer and thereafter mailed the suit papers to the lawyer’s office. When no response was filed, appellee sought the entry of a default on January 6, 1983. On January 11, 1983, a default was entered.
Appellant filed an unsworn motion to vacate the default on January 14, 1983, alleging that defense counsel was moving his office from Miami Beach to North Miami Beach and as a result he did not receive the sent papers until January 13,1983, although he had notified the post office of his change of address. Appellant also filed a notice of hearing set for February 11, 1983, on his motion to vacate. Appellee’s counsel appeared at said hearing but counsel for appellant did not. After a substantial delay the court heard appellee’s argument and denied the motion to vacate.
In the meantime on February 9, 1983, appellant had filed an answer and counterclaim. Appellee responded with a motion to strike and noticed said motion for February 21, 1983. Counsel for appellant once again failed to appear and the trial court granted appellee’s motion to strike.
No abuse of discretion has been demonstrated by appellant. Not only did he fail to support his alleged excusable neglect by any sworn pleading or evidence but appellant’s counsel never appeared to support the motion to vacate the default or in opposition to the motion to strike.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
ANSTEAD, C.J., and DELL, J., concur.