469 So.2d 251 (1985)
MARINE OUTLET, a Florida Partnership, Marine Outlet, Inc., a Florida Corporation and Marine Outlet Sales, Inc., a Florida Corporation, Appellants,
v.
Mabel MINER and Ruth Zacharie, Appellees.
No. 84-2661.
District Court of Appeal of Florida, Second District.
May 29, 1985.
*252 Lewis F. Collins, Jr. and Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants.
Dennis J. Plews, Bradenton, for appellees.
RYDER, Chief Judge.
Marine Outlet, Marine Outlet, Inc. and Marine Outlet Sales, Inc., defendants below, appeal the trial court's denial of their motion to vacate a clerk's default. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Silva v. Pedro Realty, Inc., 411 So.2d 872 (Fla. 1982); Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982).
Mabel Miner, age 73, and her sister, Ruth Zacharie, age 75, were injured when attacked by a German shepherd dog while riding their adult tricycles. The attack took place on a street adjacent to property owned by Marine Outlet, a partnership consisting of two partners, Marine Outlet, Inc. and Marine Outlet Sales, Inc. (hereinafter referred to as Marine Outlet). Miner and Zacharie sued the partnership and both its partners for damages.
Prior to the expiration of the twenty-day period in which Marine Outlet had to file its answer, Marine Outlet's insurance adjuster, Paul Reeley, contacted Miner and Zacharie's attorney's office. Reeley spoke with the attorney's secretary about an extension of time in which to file Marine Outlet's answer. Although the parties dispute the substance of the conversation, the trial court found that, after the conversation, Reeley believed that a default would not be taken if the answer was not timely filed. No answer was filed by the end of the twenty-day period, and one day later the plaintiffs' attorney obtained a clerk's default. The trial court denied Marine Outlet's motion to vacate the default.
To justify setting aside a default, the defaulted party must show both excusable neglect and a meritorious defense. Savela v. Fisher, 464 So.2d 240 (Fla. 2d DCA 1985); Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984). The trial court's finding that Reeley believed that no default would be filed if the answer was not timely filed is excusable neglect of Marine Outlet's duty to timely answer the complaint. American Republic Insurance Co. v. Westchester General Hospital, 414 So.2d 1163 (Fla. 3d DCA 1982); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981).
The affidavits filed with Marine Outlet's motion to vacate the default set forth a *253 meritorious defense by raising the question of the identity of the dog who attacked the plaintiffs. The affidavits of the principal shareholders of each corporate partner stated that although a German shepherd dog was kept on the Marine Outlet premises, there were two or three other dogs in the area who fit the description. The affidavits also denied knowledge of Marine Outlet's dog's presence in the vicinity when the attack occurred.
For the reasons set forth above, we hold that the trial judge abused his discretion in refusing to vacate the default. We note that the default was obtained one day after the expiration of the twenty-day period Marine Outlet had to file its answer. In similar circumstances, appellate courts have not hesitated to set aside defaults. See Kuehne & Nagel, Inc. v. Esser International, Inc., 467 So.2d 457 (Fla. 3d DCA 1985) and cases cited therein; Savela v. Fisher.
Accordingly, we reverse the trial court's order and remand to the trial court with instructions to set aside the clerk's default.
SCHEB and HALL, JJ., concur.