523 So.2d 725 (1988)
Valerie COLE, Appellant,
v.
BLACKWELL, WALKER, GRAY, POWERS, FLICK & HOEHL, Appellee.
No. 86-2129.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Joyce M. Siemon and Richard J. Burton, North Miami Beach, for appellant.
Blackwell, Walker, Fascell & Hoehl and Diane H. Tutt and Douglas Stein, Miami, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Appellee Blackwell Walker sued Valerie Cole, a former client, to collect attorney fees for legal representation. When Cole failed to file a response to the complaint, a default was entered against her. The final judgment awarding damages to Blackwell Walker was entered without notice to Cole. Seeking to enforce the judgment by execution, Blackwell Walker directed the sheriff to sell Cole's condominium. Cole's motion to set aside the final judgment and motion to vacate order of sale were denied. We reverse.
To justify vacating a default, the moving party must demonstrate both excusable neglect and a meritorious defense. Fla.R.Civ.P. 1.540. Cole set forth a meritorious defense in her answer and affirmative defenses, filed in conjunction with the motion to set aside default, by disputing the terms of the oral agreement and denying any liability. Cole's belief, based on representations made by one of the senior partners of the law firm, that she need not respond to the complaint constituted excusable neglect. Marine Outlet v. Miner, 469 So.2d 251 (Fla.2nd DCA 1985); see also B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla.3d DCA 1981).
Moreover, the failure to give Cole notice and to permit her an opportunity to be heard on the issue of damages was a denial of her right to due process. Fla.R. Civ.P. 1.440(c). The dispute between the *726 parties involved the amount of attorney fees owed to the appellee pursuant to an oral agreement. Because a claim for reasonable attorney fees constitutes a claim for unliquidated damages, a hearing was required to fix the amount of damages and Cole was entitled to notice of that hearing. Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 664 (Fla.5th DCA 1983).
Accordingly, the order denying the motion to set aside the default is reversed. Because the order of sale was entered in an effort to execute on the default judgment, it is hereby vacated.