PER CURIAM.
Appellant appeals an order granting a default, which was entered on October 30, 1990; and a final judgment which was orally announced on December 6, 1990, but which was later reduced to writing and entered on February 5, 1991. Under Williams v. State, 324 So.2d 74 (Fla.1975), we elect to treat the notice of appeal in number 91-0083 (which was actually filed on January 4, 1991) as vesting jurisdiction in this court upon the trial court’s rendition of the final judgment on February 5th. We sua sponte consolidate both appeals.
Appellees have moved to dismiss the appeal in number 91-0083 for numerous violations of the appellate rules relating to the preparation and filing of briefs. Appellant has responded to the motion with, like all of his filings in both appeals, a hand-drawn “answer” generally describing his attacks on the lower court’s decisions. As we did with identical filings in number 90-3245, we elect to treat the response as appellant’s initial brief in number 91-0083.
The appeal in number 90-3245 seeks review of an order merely granting a default. Such an order is nevertheless appealable under rule 9.130(a)(3)(C)(iv) Florida Rules of Appellate Procedure, as an order determining liability in favor of a party seeking affirmative relief. Doctor’s Hospital of Hollywood Inc. v. Madison, 411 So.2d 190 (Fla.1982).
We find that appellant has failed to raise any substantial issue on either appeal. Quite obviously he mistakes our role to be finders of fact, rather than reviewers of legal applications to facts found in trial courts. Finding no preliminary basis for reversal, we elect to treat both appeals under rule 9.315 and summarily affirm. We deny appellees’ motion to dismiss as moot, and we deny their motion for attorney’s fees.
AFFIRMED.
DOWNEY, LETTS and FARMER, JJ., concur.