ALLEN, Chief Judge.
The appellant was the petitioner and the appellees were the respondents in the lower court.
The petitioner filed his petition for alternative writ of mandamus in the lower court against A1 Raymond, the building inspector of the City of Dania, and Mary Thornhill, the city clerk of the City of Dania, alleging that petitioner applied for a license to work as a master electrician and that the City of Dania, through its agents, refused to issue said license to petitioner. The petitioner based his right to the license on the alleged unconstitutionality of the city ordinance requiring applicants for master electrician licenses to take and pass an examination given by the Board of Examiners of Electricians of the City of Dania. The petitioner had failed to show that he had tendered to the City the proper license fee and for this reason the lower court refused to issue the alternative writ.
Subsequent thereto, petitioner filed his amended petititon for alternative writ of mandamus which differed from the original petition in the following respects:
1. Named as respondents were Lamar Palmer, Sam Blackwelder, and W. W. Pittman, as chairman and members of the Board of Examiners of the City of Dania.
2. There was a showing that petitioner had tendered the required fee under the examination ordinance.
3. The petition sought only to mandamus the issuance of a certificate of competency as a master electrician from the respondent Board but did not seek to mandamus the issuance of an occupational license, which, of course, he could not do as the respondent Board did not have the authority to issue said license.
In the amended petition the petitioner based his right to the certificate of competency on the alleged unconstitutionality of the examination portions of the ordinance and upon petitioner’s showing that he was a qualified licensed master electrician in Fort Lauderdale, Pompano Beach, Boca Raton, and Deerfield Beach.
Upon the filing of this amended petition, the alternative writ was issued by the lower court requiring the respondents to show cause why the writ should not be made peremptorily. The respondents answered setting up the provisions of the ordinance as the reason why the certificate had not been issued. After a hearing on the cause, the lower court entered an order denying the petition and quashing the alternative writ.
The petitioner, in his brief and before this court, based his argument on the premise that the respondents’ ordinance is unconstitutional and that therefore the lower court committed reversible error in denying the petition and quashing the alternative writ. However, as will hereinafter be set forth, the lower court did not pass on the constitutionality of the ordi *699 nance, thus this court will not anticipate or decide that issue.
At the time the petitioner applied for a certificate of competency, section 389 of the ordinances of the City of Dania provided in part:
“Applicants desiring to take electricians’ examinations in any of the classifications, must file applications with the electrical inspector at least ten days before the next scheduled examination, accompanied by the examination fee provided by this code.
“Examinations will be held during the period from March 21st until March 31st and from September 21st until September 30th of each year upon days to be announced by the board. In addition to these periods, the City Manager may designate other days for the examination of journeymen, maintenance electricians and appliance electricians. Examinations shall commence on the day designated and continue' until all applicants appearing for the examination have been examined and shall be based on questions designed to determine the applicant’s practical knowledge of electrical construction as defined in this Ordinance and may be wholly or part in writing.
“Examinations shall be of a technical nature and sufficiently strict to satisfy the board as to the applicant’s competence in the field of his application as well as his familiarity with the rules and regulations governing electrical construction. Sec. 6, P. 9-10, City of Hollywood Code.
“Applicants who pass the examinations will be issued a certificate of competency by the board of examiners. All such certificates shall expire on the ensuing October 1st, and may be renewed at that time by the board. If more than 30 days has expired since the expiration date of a master’s certificate, said license will not be renewed unless reapproved by the board of electrical examiners, subject to the penalties. Sec. 7, P. 10, City of Hollywood Code.”
The petitioner did not take the examination as required by the ordinance, but instead commenced these proceedings after his request for a certificate of competency was denied. Petitioner joined as respondents the City of Dania and Lamar Palmer, Sam Blackwelder and W. W. Pittman, as chairman and members of the Board of Examiners of the City of Dania. In his amended petition for the alternative writ, the petitioner alleged that he had tendered the examination fee; had been denied the certificate of competency; asserted that the ordinance was void for lack of a definite standard to guide the Board in examining applicants; but then in his prayer for relief requested:
“ * * * that this Honorable Court issue an Alternative Writ of Mandamus commanding said Respondents, within a time set by this Court, to issue the Certificate of Competency as master electrician in and for the City of Dania, Florida, to the Petitioner or, in the alternative, be and appear before this Honorable Court on a day certain, to be named in said Writ, and then and there show why Respondents failed to so do.”
It is to be noted that respondent Board of Examiners was created by the same ordinance which petitioner asserts is void. The efficacy of petitioner’s pleadings in first asserting the invalidity of the ordinance is inconsistent with the request that the court mandamus the respondent Board, created and bound by the ordinance, to issue a certificate of competency pursuant to the ordinance.
 The petitioner alleged that he had tendered the application fee to the build *700 ing inspector which apparently was the fee to take the electrical examination, and not for a license to engage in the electrical contracting occupation. The petitioner does not allege that he ever applied for an occupational license, but merely that he applied for a certificate of competency from the building inspector and the board of electrical examiners. The respondent Board had no authority under the ordinance to issue a certificate of competency unless the petitioner successfully passed the examination as provided for in the ordinance. Since petitioner did not take the examination, no duty ever arose in the Board to issue the certificate of competency. It is axiomatic that mandamus will not be granted to compel performance of an act that the respondent is under no legal duty to perform, and that the law has not authorized him to do. State ex rel. Burr v. Jacksonville Terminal Co., 1921, 82 Fla. 255, 89 So. 641, 21 A.L.R. 312.
The writ of mandamus is predicated on the existence of a clear legal duty imposed by law on the respondent. 21 Fla.Jur. Mandamus sec. 11. The pleader must allege the right to the enforcement of the remedy; the duty imposed by law on the respondent; and that the duty is of an imperative, ministerial character, involving no judgment or discretion on the part of the respondent. 34 Am.Jur., Mandamus, sec. 66.
The lower court pointed out in the final order that the petitioner failed to show any duty on the part of the Board to act and that since petitioner does not allege that he applied for an occupational license from the city clerk, under the pleadings before the court, the petitioner is clearly not entitled to the writ.
This court is of the opinion that the lower court thereby committed no error and must be affirmed.
We feel constrained to also support the trial judge in holding that this court’s opinion in City of Naples v. State of Florida ex rel. Abbott, Fla.App.1958, 100 So. 2d 78, is not applicable in this case.
In the Naples case the petitioner, after asserting the invalidity of the ordinance in question, made application to the City Clerk of the City of Naples for a municipal license to carry on his trade as a general contractor. He did not apply to the examining board for a certificate of competency, as was done in the instant case. Thus, although the substantive portions of the ordinances in the Naples case and in this case are very similar, there is a basic procedural difference in the pleadings of the two cases.
We conclude, therefore, that the lower court correctly denied the peremptory writ on the basis that the pleadings failed to show that the respondent Board had refused to perform its duty under the law.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
KANNER, J., and BARKER, ROGER A., Associate Judge, concur.