PER CURIAM.
Appellants ultimately sought an alternative writ of mandamus in the trial court to require the appellees to issue to them continuing contracts as instructional employees of a junior college. The trial judge summarily denied them relief, and we affirm.
The contracts submitted were prepared by the Commissioner of Education, pursuant to the provisions of § 231.36(3) (a), Fla.Stat., F.S.A. They were submitted by the appellees [trustees] in accordance with § 231.36(3) (a), Fla.Stat., F.S.A. The contracts were unacceptable to the appellants, they contending that certain of the provisions were illegal and void, and they returned same without signatures. Upon notification of discharge, appellants sought to require the appellees to issue to them not the contracts as tendered, prepared under the direction of the Commissioner of Education, but contracts as amended in accordance with a memorandum they had submitted setting forth certain alleged illegal provisions of the tendered contracts.
No error has been made to appear. First, the trustees were not empowered to give what the alternative writ sought. State ex rel. Burr v. Jacksonville Terminal Company, 82 Fla. 255, 89 So. 641; Dance v. City of Dania, Fla.App.1959, 114 So.2d 697; 21 Fla.Jur., Mandamus, § 11. Secondly, the appellants have failed to demonstrate a clear legal duty on the appellees to issue to them the contracts they sought. State ex rel. McCoy v. Bell, Fla. 1956, 91 So.2d 193; Dance v. City of Dania, supra; Ferris v. Board of Public Instruction of Sumter County, Fla.App.1960, 119 So.2d 389; 21 Fla.Jur., Mandamus, § 29.
Therefore, the order here under review be and the same is hereby affirmed.
Affirmed.