GLICKSTEIN, Judge.
Appellants timely appeal from an order denying a peremptory Writ of Mandamus for the issuance of a building permit. We affirm.
Sandpiper Bay, Inc. and Capricorn Holding Co., Inc., are the owners of four contiguous parcels of land, totalling approximately seven acres, known as Parcels A, B, C and D and located within the City of Port St. Lucie. In 1977 Parcels A, B and D were vacant, Parcel C was the site of an existing one-story building, divided into store fronts.
Appellants had brought an action in 1977 for mandamus, Case No. 77-551-CA, against the City and its building official to obtain building permits for a two-story office building on Parcel A, a 40 ft. X 60 ft. single-story CBS 7-11 food store and 10,000 additional square feet of single-story retail stores on Parcel B, and a 22,720 square-foot, single-story Winn-Dixie supermarket on Parcel D.
On June 5, 1978, the trial court in Case No. 77-551-CA entered a final judgment which granted appellants relief as to Parcel B and denied relief as to Parcels A and D. The court concluded that the zoning of Parcel A was R-2, single family residential; that the zoning of Parcels B and D was B-l, neighborhood commercial; that the B-l classification clearly permitted the contemplated uses of Parcel B; but that the B-l section of Ordinance 76-1 was not clear enough for the court to determine whether a supermarket could be placed on Parcel D.
Having the benefit of the trial court’s decision in Case No. 77-551-CA, appellants on June 9, 1978, filed application with the City for a building permit to construct 10,-000 square feet of single-story retail stores in a single building on Parcel D that was to be the same as that situated on Parcel B. Following the building official’s refusal to issue a permit for Parcel D, appellants petitioned the trial court on June 14, 1978, to issue a writ of mandamus. Final hearing was held on June 22, 1978, and the order denying the writ was filed four days later.
Appellants admitted that a major portion of the hearing before the trial court concerned Ordinance 78-17, adopted as late as May 9, 1978. Ordinance 78-17 set forth requirements for site plan review, involving the city planner, site plan review committee, planning and zoning board and city council. Appellants conceded that they had not complied therewith, but took the position that compliance was futile because the city council was determined not to approve a site plan for any commercial building on Parcel D. In order to establish the futility of non-compliance, they called the mayor and three members of the city council as adverse witnesses. However, these wit *950 nesses testified, in large measure, that they would make their decision on the building permit or site plan when the matter came before them, not before.
Mandamus is generally not favored when a determination of controverted questions of fact is necessary to ascertain the parties’ rights. L. B. Price Mercantile Co. v. Gay, 44 So.2d 87 (Fla.1950). Appellants argued that they had clearly established the futility of compliance with the ordinance. The testimony indicates otherwise. Regardless, the necessity for proving futility — in order to avoid the requirements of Ordinance 78-17 — established the inappropriateness of mandamus, given these facts.
Because of appellant’s non-compliance with Ordinance 78-17 they failed to demonstrate that they possessed a clear legal right to the issuance of the subject building permit. Consequently, the order of the trial court denying the writ was correct. State, ex rel. McCoy v. Bell, 91 So.2d 193 (Fla.1956); City of Hallandale v. State, ex rel. Segall, 322 So.2d 600 (Fla. 4th DCA 1975); Ross v. McCrimmon, 233 So.2d 411 (Fla.3d DCA 1970).
Since the foregoing determination is dis-positive of this appeal, the points raised by appellant are rendered moot.
AFFIRMED.
DOWNEY, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.