611 So.2d 1254 (1992)
T. Carlton RICHARDSON, Appellant,
v.
Deborah WATSON, both individually and as guardian for the minor, Tony M. Watson; Inez Watson and Alfred Pyles, Appellees.
No. 92-01091.
District Court of Appeal of Florida, Second District.
August 19, 1992.
T. Carlton Richardson, pro se.
David P. Rankin of Freeman, Lopez & Kelly, P.A., Tampa, for appellees.

ON ORDER TO SHOW CAUSE
PER CURIAM.
The appellees as plaintiffs sued Mr. Richardson for damages and equitable relief directed to his conduct as a trustee. A clerk's default was entered and thereafter, an order was entered compelling discovery from Mr. Richardson. This appeal arises from the trial court's nonfinal orders granting the motion to compel production and denying a motion to vacate the clerk's default. Pursuant to this court's sua sponte order directing the appellant to show cause why this case should not be dismissed as an untimely appeal and as an appeal from a nonappealable order, we dismiss this appeal.
*1255 The following chronology sets forth the pertinent orders:[1]
November 22, 1991 Clerk's default
January 23, 1992 Order entered denying defendant's motion to vacate clerk's default
January 23, 1992 Order entered granting plaintiff's motion to compel production of documents
March 5, 1992 Order entered denying defendant's motions for reconsideration
March 16, 1992 Notice of appeal filed from both nonfinal January 23 orders and nonfinal March 5 order
As can be seen from the chronology, the appellant filed motions for reconsideration of both January 23 orders, which the trial court denied beyond thirty days from the orders. No final default judgment was ever entered.
The issue is whether the nonfinal orders entered on January 23 are appealable and, if so, whether the motions for reconsideration toll the thirty-day jurisdictional period for filing a notice of appeal or petition for a writ. The orders must be addressed separately.

ORDER GRANTING MOTION TO COMPEL DISCOVERY
The order granting the appellees' motion to compel discovery is appealable, if at all, by way of certiorari. See, e.g., McMillan v. McGill, 584 So.2d 185 (Fla. 2d DCA 1991); Avatar Properties, Inc. v. Donestevez, 575 So.2d 785 (Fla. 2d DCA 1991). Absent a situation involving the initial seeking of a wrong remedy by timely filing a notice of appeal in the lower court, the petition for the writ must be filed with this court within 30 days of rendition of the order compelling discovery.[2] Fla.R.App.P. 9.100(c). Unlike an authorized and timely motion directed to a final order, a motion for reconsideration or rehearing of a nonfinal order does not toll the time for filing a notice of appeal or petition for a writ. See Fla.R.App.P. 9.020(g); Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1 (Fla. 1972); Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983). Because the motion for reconsideration did not toll the time for filing a petition for a writ of certiorari, the review of the discovery order is untimely and must be dismissed.

ORDER DENYING MOTION TO SET ASIDE CLERK'S DEFAULT
The order denying the appellant's motion to set aside the clerk's default is an appealable nonfinal order. Fla.R.App.P. 9.130(a)(3)(C)(iv); Doctor's Hosp. of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982); Marine Outlet v. Miner, 469 So.2d 251 (Fla. 2d DCA 1985). The trial court's order denying the motion for reconsideration of that order, however, is not appealable. A motion for rehearing is authorized only after entry of a final order or judgment. Fla.R.App.P. 9.020(g); Wagner; Potucek; Weede. Thus, the motion for reconsideration of the order denying the motion to set aside the clerk's default did not toll the time for filing an appeal from that order.
Appeal dismissed.
PARKER, A.C.J., and ALTENBERND and BLUE, JJ., concur.
NOTES
[1] This court is limited in its review of the record to the appendices provided by the parties, neither of which contains copies of the orders that evidence the filing dates, or copies of the motions for reconsideration.
[2] This court is aware that a notice of appeal timely filed in the lower court may be properly treated as a petition for writ of certiorari in this court. See Skinner v. Skinner, 561 So.2d 260 (Fla. 1990); Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989).