841 So.2d 667 (2003)
DECKTIGHT ROOFING SERVICES, INC., a Florida corporation, Petitioner,
v.
AMWEST SURETY INSURANCE, a Florida corporation and DiTocco Konstruction, Inc., a Florida corporation, Respondents.
No. 4D02-2168.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
*668 Andrew T. Trailor of Burger & Trailor, P.A., Miami, for petitioner.
Frederick T. Hawkes, Bruce C. King and William H. Strop of Carlton Fields, P.A., Miami, for respondent Amwest Surety Insurance.
Oscar E. Soto of the Soto Law Group, P.A., Ft. Lauderdale, for respondent DiTocco Konstruction, Inc.
PER CURIAM.
Decktight Roofing Services, Inc. ("Decktight") seeks certiorari and mandamus relief from orders denying its Motion to Vacate Arbitration Order and Motion for Partial Final Judgment. We find no basis for certiorari review and dismiss the petition. Similarly, we also deny the petition for writ of mandamus.
This petition arises from a statutory bond claim brought under Florida Statutes Section 713.23 by Decktight, a roofing subcontractor, against Amwest Surety Insurance ("Amwest") in connection with construction of a motel in Marathon, Florida. Amwest filed a third-party complaint against the general contractor, DiTocco Konstruction ("DiTocco").
The trial court stayed Decktight's action and compelled arbitration on March 30, 2001. Decktight moved to vacate the court's arbitration order on April 6, 2001, requesting rehearing and reconsideration. An order determining a party's entitlement to arbitration is considered a non-final order under Florida Rule of Appellate Procedure. 9.130(a)(3)(C)(iv). Unlike authorized and timely motions directed to a final order (which defers rendition until the disposition thereof), motions for reconsideration or rehearing of non-final orders are unauthorized and do not toll the time for filing a notice of appeal or petition for writ of certiorari. See Nationwide Ins. Co. v. Forrest, 682 So.2d 672 (Fla. 4th DCA 1996); Richardson v. Watson, 611 So.2d 1254 (Fla. 2d DCA 1992). See also Fla.R.App.P. 9.020(h). Decktight should have appealed the arbitration order as a non-final appeal when it was entered on March 30, 2001.
Nearly a year after filing its motion to vacate the arbitration order, Decktight renewed its motion. A party cannot circumvent the "strict" thirty-day time limitation imposed for non-final orders by filing a second motion addressing the same issue raised and decided in an earlier motion, and then seek review of the second motion by certiorari. See Bensonhurst Drywall, Inc. v. Ledesma, 583 So.2d 1094, (Fla. 4th DCA 1991)("Petitioner cannot evade the time requirements of Florida Rule of Appellate Procedure 9.100(c) by filing successive motions addressed to the same issue."). Decktight waived its appeal of the nonfinal arbitration order and must wait until a final judgment is entered to seek review.
We also reject Decktight's claim that it is entitled to have a Partial Final Judgment entered because the insolvency of Amwest effectively left it without a remedy and brought its claim against the surety to an end. The fact that Decktight's claims are frustrated by the absence of a payment bond does not entitle it to a final judgment at this juncture. Since DiTocco has defenses to payment, arbitration is necessary to determine the extent of Decktight's recovery. Mandamus is not a favored remedy when controverted issues of fact must be resolved. Sandpiper Bay, Inc. v. LaChance, 384 So.2d 948 (Fla. 4th DCA 1980). There remain issues of fact concerning the amount owed. The trial court was justified in refusing to rule because it had a lawful basis to reserve ruling on the matter.
*669 For the above reasons, the petition for certiorari is dismissed and the petition for mandamus relief is denied.
STONE, KLEIN and TAYLOR, JJ., concur.