SILBERMAN, Judge.
Appellants, defendants below, Morton & Oxley, Ltd., and Greg Mayer, an officer of Morton & Oxley, Ltd. (collectively the Trustee), challenge three nonfinal orders in this action dealing with the alleged misappropriation of trust assets. We have jurisdiction to review the “Order on Jean Eby and Charles Ebys’ Motion to Release Money Held in Court Registry to Pay Taxes” as an order determining the right to the immediate possession of property, see Fla. R.App. P. 9.130(a)(3)(C)(ii), and we affirm that order without comment.
The Trustee also seeks review of the “Order on Defendants’ Motion to Order Removal of Funds in Clerk’s Custody and Return and Post Same to Trust Accounts.” The trial court characterized the motion as a motion for rehearing of the court’s earlier order granting a temporary injunction[1] and denied the motion. We agree with the trial court’s characterization and further note that an order denying a motion for rehearing of an interlocutory order is a nonappealable order. See Solman-Staropoli v. Califano, 645 So.2d 84, 84 (Fla. 4th DCA 1994) (concluding that the denial of a motion for rehearing of an order denying a motion for improper venue is not appealable under rule 9.130(a)); see also Richardson v. Watson, 611 So.2d 1254, 1255 (Fla. 2d DCA 1992) (stating that an order denying reconsideration of an order denying a motion to set aside a clerk’s default is not appealable). Thus, we dismiss the appeal as to the order denying, what is in effect, the Trustee’s motion for rehearing.
Finally, the Trustee challenges the “Order on Defendants’ Motion to Dismiss Plaintiffs’ Complaint For Failure to Name Indispensable Parties and Because Plaintiffs Have No Standing.” The trial court denied the motion without prejudice. The denial of a motion to dismiss a complaint is a nonfinal order, and the denial of a motion to dismiss for failure to name indispensable parties or for lack of standing is not listed as an appealable nonfinal order in rule 9.130(a). See Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985) (recognizing that an order denying a motion to dismiss based on a lack of standing is not an appealable nonfinal order).
 Certiorari review may be available in limited circumstances with regard to nonfinal orders, Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004), including to review orders on motions to dismiss for failure to join indis *822 pensable parties. See, e.g., Fresh Del Monte Produce, N.V. v. Chiquita Int’l Ltd., 664 So.2d 263, 264 (Fla. 3d DCA 1995); Mantis v. Hinckley, 547 So.2d 292, 293 (Fla. 4th DCA 1989). However, to obtain relief from an interlocutory order a party must establish “ ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’ ” Reeves, 889 So.2d at 822 (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)). The record before us does not demonstrate a basis that would justify the invocation of our certiorari jurisdiction. Accordingly, we dismiss the appeal with respect to the order denying the Trustee’s motion to dismiss the complaint.
Affirmed in part and dismissed in part.
STRINGER and VILLANTI, JJ., Concur.

. The Trustee did not appeal the original temporary injunction order that was entered on April 22, 2003. Furthermore, a motion for rehearing of a nonfinal order is unauthorized and does not toll the time for filing a notice of appeal. Decktight Roofing Servs., Inc. v. Am-west Sur. Ins., 841 So.2d 667, 668 (Fla. 4th DCA 2003); see also Richardson v. Watson, 611 So.2d 1254 (Fla. 2d DCA 1992); Nationwide Ins. Co. v. Forrest, 682 So.2d 672 (Fla. 4th DCA 1996).