# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-2826
_____

LIBERTY MUTUAL INSURANCE
CO. and UPS,

     Appellants,

     v.

WILBERT MILLER,

     Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accidents: October 26, 2011 and June 28, 2016.

September 20, 2019

PER CURIAM.

Appellants, the employer/carrier (E/C) in this workers' compensation matter, appeal an order denying their motion to enforce settlement agreement. Because the order did not appear to be either a final order or an appealable nonfinal order as required by Florida Rule of Appellate Procedure 9.180(b)(1), this Court ordered the E/C to show cause why this appeal should not be dismissed on jurisdictional grounds. In response, the E/C rely on what they describe as a "modified finality standard" applicable to workers' compensation orders. Finding the E/C's arguments unpersuasive, we dismiss the appeal.

Florida Rule of Appellate Procedure 9.180(b) addresses this court's jurisdiction over appeals in workers' compensation proceedings and limits that jurisdiction to final orders as well as just three specified types of nonfinal orders: those that adjudicate jurisdiction, venue, and compensability (but only if the order on compensability includes certain specified provisions). Fla. R. App. P. 9.180(b)(1)(A)-(C). And unlike the recently expanded list of appealable interlocutory orders in rule 9.130(a)(3)(C) (which does not apply in workers' compensation appeals), the list of appealable interlocutory order contained in rule 9.180(b)(1) does not include orders that determine a settlement agreement is not enforceable.

A final order is one that "constitutes the end of the judicial labor in the cause, and nothing further remains to be done by the Court to effectuate a termination of the cause as between the parties directly affected." *S.L.T. Warehouse Co. v. Webb*, 304 So.2d 97, 99 (Fla. 1974). "[I]n the context of a workers' compensation case, an order that decides all issues then ripe for adjudication is considered to be a 'final order'—even if the order does not represent an end to all judicial labor in the case, and even where additional claims not then ripe for adjudication remain pending." *Ake v. U.S. Sugar Corp.*, 112 So. 32d 171, 172 (Fla. 1st DCA 2013) (citing *Bradley v. Hurricane Rest.*, 652 So.2d 443, 444 (Fla. 1st DCA 1995)).

This court has already held that orders denying a motion to enforce settlement agreement are interlocutory and, thus, non-final. *See. e.g.*, *Naghtin v. Jones By & Through Jones*, 680 So. 2d 573, 575 (Fla. 1st DCA 1996) (holding order denying motion to enforce settlement was "clearly not a final order" because it did not end all judicial labor.). Unlike an order that *does* enforce a settlement agreement, which ends the case and forecloses any additional claims, an order denying such a motion leaves open the possibility for additional claims due to the serial nature of workers' compensation cases. This same principle applies to orders denying motions to dismiss. *See Morton & Oxley, Ltd. v. Charles S. Eby, M.D., P.A.*, 916 So. 2d 820, 821 (Fla. 2d DCA 2005) (holding that "[t]he denial of a motion to dismiss a complaint is a non-final order, and the denial of a motion to dismiss for failure to name indispensable parties or for lack of standing is not listed as an appealable non-final order in Rule 9.130(a)").

The E/C nevertheless attempt to elude dismissal by arguing that the serial nature of workers' compensation cases requires that the term "final order" as used in Rule 9.180 be given a "modified meaning" for purposes of the rule. In support of their argument, the E/C assert that, because the only issue ripe for adjudication at the time the order under review was issued was whether there was an enforceable settlement agreement, and the order adjudicated that issue, it was a final workers' compensation order, relying on the *Bradley* and *Ake* decisions, as well as decisions concerning orders granting or denying advances.

This argument fails for two reasons. First, both *Ake* and *Bradley* involved compensation orders that addressed claims for benefits and involved situations in which claims that were ripe for adjudication were in fact adjudicated, whereas claims that were not ripe were not adjudicated. It was in this context that the court in *Ake* explained that the basis for a "modified definition of 'final' and 'non-final' orders for workers' compensation cases is based on the fact that workers' compensation cases generally proceed on a piecemeal basis—with various *entitlements to benefits* becoming due at different times." 112 So. 3d at 172. Under the E/C's rationale, however, virtually any interlocutory motion that is adjudicated can qualify as final if the order resolves the only issue(s) raised in the motion even if there are (or may be) other claims pending.

Also, a "claim" in workers' compensation law is the "assertion of a legal right or benefit under Chapter 440" and "[c]ompensation proceedings may, of course, generate successive appealable final orders, each covering all *benefits* then due and not agreed between the parties." *Town of Palm Beach v. Watts*, 426 So. 2d 1312, 1313 (Fla. 1st DCA 1982) (emphasis added). This is why orders denying or granting advance payments are appealable— they involve a claim for a benefit even if such benefit is awardable before there is an adjudication on compensability or entitlement to other benefits, and even when other claims may be pending but not ripe for adjudication.

Here, however, the issue was not a claim ripe for adjudication but, rather, the merits of a motion by which the E/C sought to

enforce a purported settlement agreement; that is, put an end to the case. But, just as orders denying a motion to dismiss are unappealable interlocutory orders, so too are orders denying a motion to enforce a settlement agreement, because in both cases the denial results in the potential for additional judicial labor – the very antithesis of finality. Thus, because the order here was not final, and did not fall within Rule 9.180(b)(1)'s finite list of appealable nonfinal orders, this court lacks jurisdiction to review it.

DISMISSED.

ROBERTS, BILBREY, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***


Christopher A. Hanson and McKensey M. Sims of Rissman, Barrett, Hurt, Donahue, McLain & Mangan, P.A., Tampa, for Appellants.

Joey D. Oquist, St. Petersburg, for Appellee.