# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-554
Lower Tribunal No. 18-6498
_____

**Antonio Couto, et al.,**
Appellants,

vs.

**People's Trust Insurance Company,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Alonso & Perez, LLP, and Rafael F. Alonso, for appellants.

Cole, Scott & Kissane, P.A., Mark D. Tinker and Mary Lou Cuellar-Stilo (Tampa), for appellee.

Before LOGUE, SCALES and GORDO, JJ.

ON MOTION TO DISMISS

GORDO, J.

Antonio and Clayde Couto appeal a nonfinal order entered in favor of People's Trust Insurance Company in this first-party property insurance case. Because the Coutos did not timely file a notice of appeal within thirty days of rendition of the underlying order, we lack jurisdiction to review it and dismiss the instant appeal.

The nonfinal order on appeal denied People's Trust Insurance Company's motion to dismiss the Couto's amended complaint[1] and granted People's Trust's motion to compel compliance with option to repair and to compel appraisal. The Coutos contend that the order is final, arguing that it essentially granted summary judgment in favor of People's Trust and rendered judgment on the Coutos' declaratory judgment action. We reject the Coutos' contention and conclude the order on review is a nonfinal order as an order determining a party's entitlement to an appraisal is a nonfinal order enumerated in Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), and the portion of the order compelling compliance with the option to repair

---

[1] While the Coutos do not challenge the portion of the order denying the motion to dismiss their complaint, we note that the nature of this order is nonfinal and nonappealable. A nonfinal order denying a motion to dismiss is not enumerated in Florida Rule of Appellate Procedure 9.130; thus, "[i]t is generally inappropriate to review a trial court's denial of a motion to dismiss." Williams v. Oken, 62 So. 3d 1129, 1134 (Fla. 2011).

2

did not enter judgment or otherwise end the judicial labor in the case. See S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974).

The order on appeal was rendered on August 31, 2020. The Coutos filed a motion for rehearing on September 15, 2020, which the trial court denied on January 22, 2021. The Coutos then filed their notice of appeal on February 18, 2021. People's Trust moved to dismiss asserting the notice of appeal was untimely filed more than thirty days after rendition of the order.

Pursuant to Florida Rule of Appellate Procedure 9.130(b), the jurisdiction of this Court must be invoked by filing a notice of appeal within thirty days of rendition of the order to be reviewed. "Unlike authorized and timely motions directed to a final order, however, motions for reconsideration or rehearing of non-final orders are unauthorized and, therefore, do not toll the thirty-day time limit for filing the notice of appeal." LaCarrere v. Reilly, 987 So. 2d 816, 816 (Fla. 3d DCA 2008) (citing Fla. R. App. P. 9.020(h); Decktight Roofing Servs., Inc. v. Amwest Sur. Ins., 841 So. 2d 667, 668 (Fla. 4th DCA 2003)). Because the Coutos filed their notice of appeal on February 18, 2021, more than thirty days from the August 31, 2020 rendition of the nonfinal order, "[t]he notice was untimely filed and this Court does not have jurisdiction to hear the appeal." Id.

Dismissed.