DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYAN ANDREW CONOVER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D22-315

[June 8, 2022]

Petition for writ of mandamus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 50-2021-CF-002648-AXXX-MB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

In this petition for writ of mandamus, the petitioner seeks review of an order striking his motion to dismiss asserting a claim of immunity under section 776.032, Florida Statutes, as untimely under Florida Rule of Criminal Procedure 3.190(c). Mandamus does not lie to review a trial court's ruling for legal error or to compel the court to rule in a certain way. *Smith v. Lambdin*, 971 So. 2d 209, 210 (Fla. 4th DCA 2007); *Gawker Media, LLC v. Bollea*, 170 So. 3d 125, 131 (Fla. 2d DCA 2015). A petition for writ of certiorari would have been the proper vehicle to seek review of the trial court's ruling. *See Jefferson v. State*, 264 So. 3d 1019, 1023 (Fla. 2d DCA 2018); *Rogers v. State*, 301 So. 3d 1083, 1083-84 (Fla. 1st DCA 2020); *Casanova v. State*, 335 So. 3d 1231, 1232 (Fla. 3d DCA 2021); *Corbett v. State*, No. 5D21-3166, 2022 WL 1509106, at *2 (Fla. 5th DCA May 13, 2022). However, we lack jurisdiction to consider the petition as a petition for writ of certiorari because it was filed more than thirty days after rendition of the trial court's order. Fla. R. App. P. 9.020(h), 9.100(c)(1); *see also Decktight Roofing Servs., Inc. v. Amwest*

*Sur. Ins.*, 841 So. 2d 667, 668 (Fla. 4th DCA 2003).

*Petition dismissed.*

DAMOORGIAN, CIKLIN and LEVINE, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***