# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0381
Lower Tribunal No. 2021-CP-003180

_____

MOLLY DORSEY,

Appellant,

v.

LORENZO HEARNS and ROBERT SALTERS,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Michael Murphy, Judge.

April 17, 2026

MIZE, J.

Appellant challenges a number of orders entered by the trial court in this probate case, but we do not have jurisdiction to review any of them.

The trial court's Amended Order of Summary Administration rendered on December 6, 2024 and its Amended Order Determining Homestead Status of Real Property rendered on December 6, 2024 were both final orders. Because Appellant filed her notice of appeal on February 12, 2025, this appeal is untimely as it pertains to those orders. Fla. R. App. P. 9.110(b) ("Jurisdiction of the court under this rule

shall be invoked by filing a notice . . . within 30 days of rendition of the order . . . ."); *Peltz v. Dist. Ct. of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction.").

Additionally, because Appellant did not timely appeal any final orders, this court likewise does not have jurisdiction to review the nonfinal orders that preceded the final orders.[1] *See Nationstar Mortg. LLC v. DeSouza*, 343 So. 3d 1227, 1231 (Fla. 1st DCA 2022) ("A *timely* notice of appeal of an appealable order gives us

---

[1] In denying Appellant's Amended Motion to Dismiss, the trial court found that even if it treated Appellant's Amended Motion to Dismiss as a motion for relief from judgment under Florida Rule of Civil Procedure 1.540, the motion was due to be denied because Appellant did not meet its burden under Rule 1.540. It is unclear why the parties or the trial court believed that Rule 1.540 was at issue. The proceeding below was not an adversary proceeding under Florida Probate Rule 5.025. Therefore, the Florida Rules of Civil Procedure did not apply to the proceeding. Fla. Prob. R. 5.010 ("The Florida Rules of Civil Procedure apply only as provided in these rules."); Fla. Prob. R. 5.025(d) (making the Florida Rules of Civil Procedure, except for Rule 1.525, applicable to adversary proceedings after service of formal notice by the petitioner). The Florida Probate Rules contain no analogue to Rule 1.540. Even if Rule 1.540 had applied to the proceeding below and even if we treated Appellant's Amended Motion to Dismiss as a motion for relief from judgment under Rule 1.540, we still would not have jurisdiction to review the trial court's order on the motion rendered on November 8, 2024. An order entered on a motion for relief from judgment under Rule 1.540 would be a separately appealable nonfinal order. Fla. R. App. P. 9.130(a)(5). However, the appeal of that order would be untimely, as the notice of appeal was not filed until February 12, 2025. Fla. R. App. P. 9.130(b). Appellant's motion for rehearing directed to this order could not toll Appellant's deadline to appeal this order because "[m]otions for rehearing directed to" "[o]rders entered on an authorized and timely motion for relief from judgment" "are not authorized . . . and will not toll the time for filing a notice of appeal." Fla. R. App. P. 9.130(a)(5).

jurisdiction to review earlier interlocutory orders." (emphasis added)). This court also does not have jurisdiction to review any order denying a motion for rehearing of a nonfinal order. *Morton & Oxley, Ltd. v. Charles S. Eby, M.D., P.A.*, 916 So. 2d 820, 821 (Fla. 2d DCA 2005) ("[A]n order denying a motion for rehearing of an interlocutory order is a nonappealable order.").

Even if Appellant's Motion to Set Aside filed January 13, 2025 could be construed as a motion for rehearing of the final orders under Florida Probate Rule 5.020(d), it did not toll Appellant's deadline to appeal the final orders because it was not filed within fifteen days of rendition of the final orders.[2] Fla. R. App. P. 9.020(h)(1)(B) (motion for rehearing can only toll rendition if "authorized and timely"); Fla. Prob. R. 5.020(d) (15-day deadline for motions for rehearing in probate proceedings).

Because Appellant's appeal is untimely as to every order she challenges, this appeal is dismissed for lack of jurisdiction.

DISMISSED.

TRAVER, C.J., and PRATT, J., concur.

---

[2] In the Motion to Set Aside, Appellant cited Florida Rule of Civil Procedure 1.530. As stated *supra* in note 1, however, the Florida Rules of Civil Procedure did not apply to the proceedings below.

Jane E. Carey, of Law Office of Jane E. Carey, P.A., Orlando, for Appellant.

Cristian A. Cantillana, Eric P. LaRue, II, and Addison B. Hicks, of The LaRue Firm, PLLC, Winter Park, for Appellees.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED